IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0193 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner R. WAYNE JOHNSON. By his habeas application, petitioner challenges a May 22, 2006 prison disciplinary proceeding.[1] Petitioner was punished with the forfeiture of 30 days previously accrued good time credits.[2]

Following the finding of guilt in the disciplinary proceeding, petitioner states he did not file either a Step 1 nor Step 2 grievance to appeal the disciplinary decision and punishment imposed. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DISMISSED.

---

[1] Petitioner has not identified the rule violation which resulted in the disciplinary action.

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

I.
STATE COURT CONVICTION

According to petitioner, he is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a 1978 judgment and sentence out of the 70th Judicial District Court of Ector County, Texas for the offense of aggravated rape.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20060259028 in the following respects:

1. Petitioner was denied his right to due process;

2. Petitioner was denied his right to equal protection;

3. Petitioner was denied his right to an attorney; and

4. Counsel substitute illegally practiced law in violation of a Texas statute.

III.
EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists. 28 U.S.C. § 2254 also provides that an application for a writ of

habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.  This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process.  *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980).  Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented."  28 U.S.C. § 2254(c).  *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[3]

As stated previously, petitioner failed to file a Step 1 or Step 2 grievance.  It thus appears to the Court that petitioner JOHNSON's claims were never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting his claims to state authorities.  For this reason, petitioner's claims should be dismissed for failure to exhaust and as procedurally barred.

IV.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner R. WAYNE JOHNSON is without merit and should be, in all things, DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

---

[3] At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act.  *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

Recommendation to petitioner by the most efficient means available.

 IT IS SO RECOMMENDED.

 ENTERED this 17th day of August 2006.

          _____
          CLINTON E. AVERITTE
          UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

 Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).